Our next case for argument is the Medical College of Wisconsin against the United States. Mr. Sykes. Thank you, your honor. Tom Sykes, appearing for the appellant. Medical College of Wisconsin affiliated hospitals, what you call MECWA, is here to seek the standard rate of interest on tax refunds previously paid by the IRS. Section 6621 of the Internal Revenue Code of 1986 controls the payment of interest upon overpayments of tax, underpayments of tax, and upon overlapping overpayments and underpayments. Now, forgive me, Mr. Sykes. Yes. You know, you argue that the In Pari Materia canon of construction requires similar language must be given consistent meaning. Yes. But why is the term corporation similar to the term large corporate underpayment, which is used as a term of art here? The statute uses quotes around that term, around the term large corporate underpayment, which limits the definition to the term as a whole. So what I am wondering is why it would be appropriate to remove the term corporate from that term of art and give it a definition that's independent from the term as a whole. Certainly, your honor. First of all, large corporate underpayment is in quotes when it's being defined. It is not in quotes in C1, for example. So I do not agree with the proposition that it's a term of art. It's not a term that I know of that's found anywhere else in the Internal Revenue Code. Trader business, for example, is a term of art. You know, I know that I think the Second Circuit said that it's a term of art, but I don't see that at all. And I think it's quite natural when a term up above is being defined to use quotation marks so that you know what is being referred to. But I don't see any basis. Even if it were a term of art, why would corporate have a different meaning from the known form of the same word when you are dealing with a series of- The problem, counsel, I wish you would deal with it, is- I'm sorry? What Judge Rogner identified as the problem is not the difference between corporate and corporation, but between corporation and quote large corporate underpayment. It's a single defined phrase. The word corporation or corporate is not separately defined in that phrase. It's a phrase that just has a particular meaning. Why would one take a defined phrase and then try to back the meaning of a noun out of the adjective when it's only the phrase that's been defined? Because we're trying to achieve the congressional intent and when we are a series of four amendments on non-standard rates, the first of which focused upon, through the word corporate defined below in a subparagraph as C corporation, the phrase that I think both elements of the court are talking about, it has different components and I don't think there's any problem with separately analyzing those components. I think that sort of thing is done all the time and so I just don't share the view that it's a term of art. I don't think we get any mileage one way or the other about term of art. It's just that it's a defined phrase. I would say that the definition is C corporation and why on earth when you've got a liberally construed requirement, you've got a symmetry. Let me ask you one more question about the technical language. C3 says, captioned large corporate underpayment, says for purposes of this subsection and A, the term large corporate underpayment means X, you want us to say that term applies to the whole section of the U.S. Code rather than this subsection. Why shouldn't we take Congress at its word and say that that definition applies for purposes of this subsection? Well, I would say that that observation is somewhat in tension with the court's previous question, which is that large corporate underpayment is a term of art. It's only used in C. It's not used anywhere else. Forget term of art. Just please address my question. The statute itself says that the definition is, quote, for purposes of this subsection and you want us to apply it to a different subsection. The question I'm asking is why shouldn't we take the language for purposes of this subsection at face value? Immediately before the for purposes of this subsection, it says large corporate underpayment. That is the provision up above that is being defined. I see no problem when trying to understand what the four sequential amendments, all dealing with non-standard interest rates. I see no problem with inferring that a corporation used in 94, used in 97, used in 98 has the same meaning. I mean, why? You're asking us simply to ignore four words in the statute. My words, actually, for purposes of this subsection. Tell me what in your reading of the statute would change if that phrase were struck out. The phrase large corporate? No, the phrase for purposes of this subsection. If that phrase were struck out, what, in your view, would change about the meaning of this statute? Nothing, because. So you want us to ignore five words in a statute? I do not, not at all. I want the in peri materia canon applied and at the time this particular subsection was written. Look, that canon is what happens when there is silence about meaning. Here, we don't have silence. The statute itself tells us that the definition of large corporate underpayment applies to this subsection. And that's all it can be because. You want us to use a canon to trump actual statutory language. Respectfully, I do not. I want the court to harmonize. Then you need to tell me what changes, how the statutory meaning changes, if those five words had never existed. We have to give them some function. Tell me what function they have. At the time the 1990 amendment was enacted. No, no, not at the time of the amendment. Tell me what function they have now. The phrase appears only in C. Tell me what function that phrase has in this statute now. The word corporate. That word is not in the phrase. Tell me what function that phrase has. That phrase has a function in C, subsection C, enacted in 1990. The word corporate has the same meaning. In order for the statute to make any sense, I mean, there are four illogical substantive effects. And this statute is to be construed. I haven't heard yet any function that that phrase has in that statute today. It had the function of explaining what was said up above in C. It pertained to C when C was enacted in 1990. I don't know what else I can say. The obvious flaw in the IRS's position is that it views the term corporate and a corporation used in the non-standard rates as having different meanings, referring to grossly disparate types of corporations. MCWIS admits that the non-standard provisions refer to one type of corporation. There are seven canons that are fatal to the IRS's position, but before moving into that, we will emphasize two textual attributes of the non-standard rate amendments. First, we notice that Congress in the follow-on amendments in 94, 97, and 98 did not insert a definition 11A or any corporation which is used in section 6012. It could have used those. It didn't. If Congress in 1994, 97, and 98 had wished to change the conversation and move the non-standard rate provisions toward disharmony, asymmetry, and illogical substantive effects, they would have plainly said so. The IRS takes the position that Congress in the follow-on amendments was required to expressly repeat the C corporation limitation if the term A corporation was to be limited to C corporations. The IRS, seeking out disharmony, views A corporation inharmoniously with the term corporate. Seeking disharmony, the IRS assigns the broadest possible meaning to A corporation, but the broadest possible meaning is not tenable because of the liberally construed canon and also because of the symmetry canon. We have those two operatives, so if the court does want to move off of the C corporation limitation, a natural place, a natural landing zone is for-profit corporations, C and S. There is no reason to jump to the broadest possible definition of A corporation, and that certainly cannot be teased out of the so-called dictionary statute at the end of the code. That statute, if you just read it, I mean if we want to take a look at the language of statutes, we need to take a hard look at 7701A3, which simply says a corporation includes associations, joint stock companies, and insurance companies. It doesn't say anything broader. It certainly doesn't provide a generic definition, a universal generic definition. There's no basis for hopping to the broadest possible definition when there are intermediate definitions that are reasonably available and that have the statute make more sense. In interpreting the Internal Revenue Code angle cited by this court, used by this court look at statutes both vertically and horizontally. You look at surrounding statutes, and you also look at history, and that's especially important in a 6,000 page document, which is enacted piecemeal, amended frequently, constantly, and perhaps imperfectly. Perhaps Congress, it's not as if Congress sits down every time it amends the Internal Revenue Code and writes with perfect perfection. The way the Internal Revenue Code is written is often through midnight insertions with lobbyists and everything else, and one can detect that, but the obligation upon a court is to try to figure out what the meaning is. I have one other question for you, is not a C corporation. Yes. So that sends me to 26 U.S.C. 1361A2, which has a definition of C corporation, and it says for purposes of this title, the term C corporation means, with respect to any taxable year, a corporation which is not an S corporation for such year, and you don't contend that your client is an S corporation. Correct. That seems to mean that it's a C corporation. What's left? What's left is the entire structure of the Internal Revenue Code. I'm not really interested in the entire structure of the Internal Revenue Code. I'm interested in statutory definitions. I have this strange view that statutes mean what they say, and what this statute says is that C corporation means any corporation which is not an S corporation. Why shouldn't we take Congress at its word? Because of stare decisis, all of the cases, including Supreme Court cases. Every case you cite predates the amendment that produced that definition. Every one of them. That distinction has been in Congress. Thank you. Thank you. Ms. Bringer. Good morning. My name is Nora Bringer, and I represent the United States in this matter. Medical College has been a corporation under Wisconsin law since 1979, and it has been a tax exempt corporation, exempt from income tax since 1980. Nonetheless, the appellant claims that it is not a corporation for purposes of the overpayment interest rates in section 6621. The appellant's arguments hinge for the most part on its claim that section 6621 defines the term corporation, but that is not the case. Instead, section 6621c3 defines those two phrases that the court was referring to. The taxpayer relies also on the cross-reference from the flesh language of subsection A1 to C3, but that cross-reference occurs in a parenthetical that occurs right after the phrase taxable period. The most natural reading of the statute is that the parenthetical cross-reference thus refers to taxable period and not to the word corporation, which appears several words earlier. The taxpayer says that its frontline argument rests on the in pari materia canon, but that argument rests on the false premise that section 6621 defines corporation, and that corporation and subsection A1 must mean the same thing. In fact, as the Sixth Circuit observed in the Detroit Medical Center... Counsel, I gather that only two courts of appeals have addressed this question. Yes, Your Honor. Is it pending in others? There is a district court case pending in the District of Kansas. No, I'm sorry. Is it pending in other courts of appeals? No, Your Honor, not to my knowledge. Thank you. Corporation standing alone means the same thing in subsection A1 and C3. It takes on that narrower meaning in C3 because it's preceded by a capital C. Now, the taxpayer looks to the Second Circuit's decision in ExxonMobil and tries to find a principle and a footnote there that overpayment and underpayment interest rates should be symmetrical, but that footnote, in fact, points out that there's a range of interest rates for overpayments and a range of interest rates for underpayments. It doesn't say that they are the same. The Internal Revenue Code does not define incorporation in Section 6621, but Section 7701 provides guidance on the meaning of the word. That provision has been unchanged since the Revenue Act of 1918, and it broadens the usual understanding of corporation beyond an entity incorporated under state law, such as medical college, to include several unincorporated entities. The Sixth Circuit, in fact, called a medical college incorporated under Wisconsin law fits squarely within that definition. Could I ask you this? Is it your contention that the word corporation in the Internal Revenue Code will always refer to C corporations, S corporations, and non-profit corporations, unless the context of language makes clear that it cannot have meant to include all of them? Yes, Your Honor. I think that is what is to be taken from the definition in Section 7701, which applies throughout Title 26. Congress there said that corporation includes several unincorporated entities, and courts have held again and again that the core definition of corporation includes a state law corporation, and that could be corporations that are taxed under Subchapter C, which are commonly called C corporations, also small business corporations taxed under Subchapter S, and corporations like medical college that are generally exempt from Section 7701, one of them is where another definition is distinctly expressed in the Code. We've already discussed that Section 6621 does not define a corporation. The other exception is where application of the definition would be manifestly incompatible with the Code. Now, while medical college is generally exempt from income tax, with respect to employment taxes, it stands in the same shoes as any other employer, for-profit or non-profit. There's no indication in the legislative history that when Congress amended 6621 in 1994 or 1998, that it was focused on any particular type of corporation. The medical college argues that a universal definition of corporation is unworkable, and in particular, it claims that a universal definition of corporation would allow for-profit corporations to be exempt from income tax under Section 501, and that it would subject exempt organizations to the income tax provisions provided in Subchapter C. But that's not the case. Section 501 limits exemptions from income tax to corporations that, among other things, do not inure to the benefit of any individual. A for-profit corporation could never qualify for that exemption, and as we discuss in our brief at pages 44 to 45, the provisions of Subchapter C that medical college cites apply to things that would never happen to medical college, such as distributions of property to shareholders. In short, medical college is a corporation, and it is subject to the interest rates that me. Not I. Thank you very much. I'll ask the court to affirm. Thank you very much. The case is taken under advisement.